UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH L. GARCIA,<br><br>Defendant. | CASE NO. CR13-0071JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

On July 8, 2020, the court denied Defendant Joseph L. Garcia's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(1), commonly referred to as a motion for compassionate release. (*See* 7/8/20 Order (Dkt. # 194); *see also* Mot. (Dkt. # 169); Supp. Mot (Dkt. # 178).) The court based its ruling on two independent grounds. (*See* 7/8/20 Order at 7-14.) First, the court concluded that Mr. Garcia failed to exhaust his administrative remedies prior to filing his motion. (*See id.* at 7-11.) Second, the court concluded that Mr. Garcia's sentence could not be reduced under 18 U.S.C. § 3582(c)(1)(A)(1) because he failed to demonstrate that he "is not a danger to the safety

ORDER - 1

of any other person or to the community" under subsection (2) of the United States Sentencing Guidelines § 1B1.13. (*See* 7/8/20 Order at 11-14); *see also United States v. Gotti*, 433 F. Supp. 3d 613, 619-20 (S.D.N.Y. 2020) (concluding that even if a federal prisoner had met his burden of showing eligibility for compassionate release due to his compromised medical condition, the court is not required to release him if he continues to be a danger to the community).

On July 24, 2020, Mr. Garcia moved for reconsideration of the court's order denying his motion for compassionate release. (MFR (Dkt. # 195).) Mr. Garcia argues that he would no longer be a danger to the safety of the community if the court released him because he plans to participate regularly in Narcotics Anonymous and Alcoholics Anonymous meetings "and maybe even enroll in an inpatient/outpatient drug program." (*Id.* at 1-2.) He also argues that he has taken several courses while in prison aimed at reducing violence and recidivism. (*Id.* at 2.) If released, he assures the court that he "plans to stay out of trouble" and has no plans to become involved with illegal drugs. (*Id.* at 4.) Finally, with respect to the court's conclusion that he failed to exhaust his administrative remedies, Mr. Garcia asserts that he submitted additional information to the Bureau of Prisons ("BOP") related to his petition for compassionate release, but he has not yet received an answer from the Warden. (*Id.* at 5.) However, Mr. Garcia fails to identify the date he submitted additional information to the BOP, and he submits no documentary evidence to substantiate any further efforts to exhaust his administrative remedies. (*See generally id.*)

//

ORDER - 2

Motions for reconsideration are disfavored. Local Criminal Rules W.D. Wash. LCrR 12(b)(10)(A). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. In his motion for reconsideration, Mr. Garcia has not made a showing of manifest error in the court's prior ruling or a showing of new facts or legal authority that undermines any portion of the challenged order. Accordingly, the court DENIES Mr. Garcia's motion for reconsideration (Dkt. # 195).

Dated this 13th day of August, 2020.

JAMES L. ROBART
United States District Judge